NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ADAM ROBERT NUÑEZ, | No. 20-15225 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-02865-JAT-DMF |
| v. | |
| PINAL COUNTY SHERIFF'S OFFICE, a municipal corporation; RUSTY FERNANDO, #2259 Officer with Pinal County Sheriff Department, UNKNOWN PARTIES, named as three other G.O.S.T. unit officers, public law enforcement officers, Pinal County Sheriff/Casa Grande City, | MEMORANDUM* |
| Defendant-Appellees, | |
| and | |
| CITY OF CASA GRANDE, A Municipal Corporation; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted February 17, 2021[]

Before:      FERNANDEZ, BYBEE, and BADE, Circuit Judges.

Arizona state prisoner Adam Robert Nuñez appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012) (dismissal for failure to state a claim under 28 U.S.C. § 1915A); *Whitaker v. Garcetti*, 486 F.3d 572, 579 (9th Cir. 2007) (dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994)). We affirm in part, vacate in part, and remand.

The district court properly dismissed Nuñez's claims against the Pinal County Sheriff's Department because it is not a proper party to this action. *See Melendres v. Arpaio*, 784 F.3d 1254, 1260 (9th Cir. 2015) (explaining that under Arizona law, a county sheriff's office lacks separate legal status from the county and cannot be sued in its own name). To the extent Nuñez intended to allege these claims against Pinal County, dismissal was proper because Nuñez failed to allege facts sufficient to show that a policy or custom of the county resulted in a constitutional violation. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1075

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2016) (en banc) (municipal liability requires "direct causal link" between a municipal policy or custom and the alleged constitutional deprivation).

The district court properly dismissed Nuñez's deliberate indifference, due process, and search and seizure claims as *Heck*-barred because success on these claims would necessarily imply the invalidity of his conviction or sentence, and Nuñez has not demonstrated that his conviction has been invalidated. *See Heck*, 512 U.S. at 487 (if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated"); *Thornton v. Brown*, 757 F.3d 834, 842 (9th Cir. 2013) ("[A] prisoner may challenge the fact or duration of imprisonment only through a habeas proceeding." (citation and internal quotation marks omitted)).

The district court properly dismissed Nuñez's equal protection claim because Nuñez failed to allege facts sufficient to show that defendants discriminated against him because of his race. *See Hartmann v. Cal. Dep't of Corrs. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013) ("To prevail on an Equal Protection claim brought under § 1983, [plaintiff] must allege facts plausibly showing that the defendants acted with an intent or purpose to discriminate against [him] based upon membership in a protected class." (citations and internal quotation marks omitted)); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010)

(although pro se pleadings are to be liberally construed, a plaintiff must allege facts sufficient to state a plausible claim).

The district court dismissed Nuñez's excessive force claim because Nuñez did not allege whether defendants knew if he was unarmed or otherwise posed a threat to them. However, Nuñez alleged that during a traffic stop for a non-violent offense, defendants pointed their weapons at him even though he had complied with their orders. Liberally construed, these allegations are sufficient to warrant ordering defendants to file an answer. *See Green v. City & County of San Francisco*, 751 F.3d 1039, 1049 (9th Cir. 2014) (setting forth elements for claim of excessive force during arrest); *Hopkins v. Bonvicino*, 573 F.3d 752, 776 (9th Cir. 2009) (concluding excessive force was used where an officer pointed a weapon at a cooperative, unarmed suspect and did not holster the weapon until after the suspect was handcuffed, and where the officers outnumbered the suspect). We therefore vacate the district court's dismissal of Nuñez's excessive force claim only and remand for further proceedings.

The Clerk will file the opening brief submitted at Docket Entry No. 9.

Nuñez's motion for appointment of counsel (Docket Entry No. 6) and motion to provide cell phone numbers (Docket Entry No. 12) are denied.

**AFFIRMED in part; VACATED in part; and REMANDED.**

4                                                          20-15225